FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2011 APR 20 PM 12: 16

CLERK.
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

MAYNARD KENNETH GODWIN
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",
a/k/a "Andy",
a/k/a "Andy",
BILLY JAMES HARPER,
a/k/a "BJ",
JONATHAN DAVID HART,
ERIC STEVEN ELLIS,
BROCK ROGER SKOV

| | |
|---|---|
| CASE NO. | 3:10-cr-276(S1)-J-99MMH-TEM |
| Ct 1: | 18 U.S.C. §§ 1962(c) |
| Ct. 2: | 18 U.S.C. §§ 1959(a)(3) and 2 |
| Cts. 3, 5: | 18 U.S.C. §§ 2113(a), 2113(d), and 2 |
| Cts. 4, 6: | 18 U.S.C. § 924(c) |
| Cts. 7, 15: | 21 U.S.C. §§ 841(a)(1), 841(E)(i), and 18 U.S.C. § 2 |
| Cts. 8-9, 12: | 21 U.S.C. §§ 841(a)(1) and 841(E)(i) |
| Cts. 10-11, 16-17: | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |
| Cts. 13-14: | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 |
| Ct. 18: | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 |
| Ct. 19: | 21 U.S.C. §§ 841(a)(1), 841(E)(i) and 846 |
| Ct. 20: | 18 U.S.C. §§ 1512(a)(2)(C) and 1512(a)(3)(B) |
| Cts. 21-22: | 18 U.S.C. §§ 922(k) and 924(a)(1)(B) |
| Forfeiture: | 18 U.S.C. §§ 1963(a)(3) & 1963(a)(1)&(2)<br>18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c)<br>18 U.S.C. § 924(d)(1) & 28 U.S.C. § 2461(c)<br>21 U.S.C. § 853 |

## SUPERCEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (RICO - 18 U.S.C. § 1962(c))

### A. The Enterprise

1. At times relevant to this Indictment, MAYNARD KENNETH GODWIN, a/k/a "KG", ANDREW CHASE WILKIE, a/k/a "Andy", BILLY JAMES HARPER, a/k/a "BJ", JONATHAN DAVID HART, ERIC STEVEN ELLIS, and BROCK ROGER SKOV, and others known and unknown to the Grand Jury, were members and associates of the Guardians, a criminal organization which constituted an "Enterprise," as that term is defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact although not a legal entity, which enterprise engaged in, and the activities of which affected, interstate commerce. The enterprise, hereinafter referred to as the "Guardians," constituted an ongoing organization, the members of which functioned as a continuing unit for a common purpose of achieving the objectives of the Guardians.

2. The members and associates of the Guardians engaged in acts of violence, including armed home invasion robberies, armed bank robberies, aggravated battery, and extortion. They also distributed stolen goods, including firearms, and sold and distributed narcotics, operating primarily in the city of Jacksonville, Duval County, Florida, but also performing criminal acts in furtherance of the enterprise in Nassau and St. Johns counties, in the Middle District of Florida, and elsewhere.

## B. The Purposes of The Guardians Enterprise

3. The purposes of the Guardians included the following:

a. Enriching the members and associates of the enterprise through, among other things, the manufacturing, importing, receiving, concealing, buying, selling and otherwise dealing in narcotics and other dangerous drugs, extortion, armed robbery, armed home invasions, assaults, and the theft and distribution of firearms and other stolen merchandise.

b. Preserving and protecting the power, territory, and profits of the enterprise through the use of intimidation, violence, threats of violence, assaults, and aggravated batteries.

c. Promoting and enhancing the enterprise and its members' and associates' activities.

## C. The Guardians Members And Associates

4. At various times relevant to this Indictment, the following individuals, among others, are or have been members or associates of the Guardians in the various capacities set forth below:

a. MAYNARD KENNETH GODWIN, a/k/a "KG", is the principal leader of the Guardians, identified by himself and others as "The Boss," and was responsible, among other things, for directing crimes of violence and the distribution of cocaine and controlled pharmaceuticals;

b. ANDREW CHASE WILKIE, a/k/a "Andy", is a member of the Guardians and is identified and known as an "enforcer," that is, an individual who

performs acts of violence on behalf of the organization, and is responsible for, among other things, for the distribution of steroids and the commission of robberies and other acts of violence;

c. BILLY JAMES HARPER, a/k/a "BJ", is a member of the Guardians identified as a "lieutenant" engaged in the distribution of steroids and acts of violence;

d. JONATHAN DAVID HART is an associate of the Guardians involved in robberies and extortion on behalf of the organization.

e. ERIC STEVEN ELLIS is a member of the Guardians identified as an "enforcer," involved in the preparation and distribution of steroids, armed robberies, and extortion;

f. BROCK ROGER SKOV is a member of the Guardians identified as a "technician," involved in the concealment of assets, the distribution of controlled substances, and a variety of computer-related offenses;

## D. The Means and Methods of the Enterprise

5. Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a. Members of the Guardians and their associates committed, attempted, and threatened to commit acts of violence, including home invasion robbery, armed robbery, aggravated battery, extortion, and conspiracy to commit those offenses, to protect and expand the Guardians's criminal operations.

b. Members of the Guardians and their associates promoted a climate of fear through violence and threats of violence.

c. Members of the Guardians and their associates used and threatened to use physical violence against various individuals, including, among others, victims, witnesses, and rivals.

d. Members of the Guardians and their associates distributed narcotics and controlled substances, including cocaine, oxycodone, and steroids.

e. Members of the Guardians and their associates engaged in conduct designed to prevent government detection of their identities and roles within the enterprise, their illegal activities, and the proceeds of their illegal activities. Among other such conduct, members of the Guardians met or congregated in commercial businesses and private residences to plan and discuss matters related to their criminal activity.

f. Members of the Guardians and their associates engaged in criminal conduct designed to prevent government detection and prosecution of the Guardians and its members by wearing masks or otherwise concealing their identities during crimes of violence.

### E. The Racketeering Violation

6. From in or about an unknown date prior to May 2009, and continuing thereafter up to and including November 18, 2010, in Duval County, in the Middle District of Florida, and elsewhere,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",
BILLY JAMES HARPER,
a/k/a "BJ",
JONATHAN DAVID HART,

ERIC STEVEN ELLIS,
BROCK ROGER SKOV,

the defendants herein, and others known and unknown to the Grand Jury, being persons employed by and associated with the Guardians, which was an enterprise engaged in, and the activities of which affected, interstate commerce, unlawfully and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of Racketeering Acts One through Twenty-Two as set forth in paragraphs Eight through Twenty-Nine below.

**F. <u>The Pattern of Racketeering Activity</u>**

7. The pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

**<u>Racketeering Act One-- Extortion of DB</u>**

8. On or about May 21, 2009, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",
BILLY JAMES HARPER,
a/k/a "BJ",
ERIC STEVEN ELLIS,

the defendants herein, did knowingly, intentionally, and maliciously threaten injury to the person of DB, and did in fact injure the person of DB, with the intent to extort money or with the intent to cause DB to do an act against DB's will, that is, give the defendants

United States currency, in violation of Sections 836.05, 775.082, 775.083, 775.087, 777.011, Florida Statutes.

**Racketeering Act Two–Home Invasion Robbery**

9. On or about June 12, 2009, in St. Johns County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",
ERIC STEVEN ELLIS,

the defendants herein, and others known and unknown to the Grand Jury, did knowingly enter a dwelling, that is, the residence of BH and LH, in Ponte Vedra, Florida, with the intent to permanently or temporarily deprive a person or owner of money or other property, that is, United States currency, jewelry, firearms, and other property, and in the course of the taking used force, violence, assault, or putting in fear; and further, ANDREW CHASE WILKIE, a/k/a "Andy" and ERIC STEVEN ELLIS used a firearm during the course of the taking, and did commit a robbery of the occupant therein, in violation of Sections 812.13, 812.135(1), 812.135(2)(a), 775.087, and 777.011, Florida Statutes.

**Racketeering Act Three–Attempted Robbery**

10. On or about September 1, 2009, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",
JONATHAN DAVID HART,

the defendants herein, by force, violence, assault, or putting in fear, did knowingly attempt to take and cause to be taken, from the person and presence of bank employees, certain property and money, that is, United States currency, belonging to and in the care, custody, control, management, and possession of Everbank, 10400 San Jose Boulevard, Jacksonville, Florida, in violation of Sections 812.13, 775.082, 775.083, and 777.011, Florida Statutes.

**Racketeering Act Four-- Home Invasion Robbery**

11. On or about October 2, 2009, in Duval County, in the Middle District of Florida,

JONATHAN DAVID HART,

the defendant herein, and others known and unknown to the Grand Jury, did knowingly enter a dwelling, that is, the residence of TEA, in Jacksonville, Florida, with the intent to permanently or temporarily deprive a person or owner of money or other property, that is, United States currency, jewelry, firearms, and other property, and in the course of the taking used force, violence, assault, or putting in fear; and further, JONATHAN DAVID HART used a firearm during the course of the taking, and did commit a robbery of the occupant therein, in violation of Sections 812.13, 812.135(1), 812.135(2)(a), 775.082, 775.083, 775.087, and 777.011, Florida Statutes.

**Racketeering Act Five-- Wachovia Bank Robbery**

12. On or about October 6, 2009, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendant herein, by force, violence, assault, or putting in fear, did knowingly take and cause to be taken, from the person and presence of bank employees, certain property and money, that is, United States currency in the approximate amount of $5,394.00, belonging to and in the care, custody, control, management, and possession of Wachovia Bank, 10950 Baymeadows Road, Jacksonville, Florida, and in the course of the taking, ANDREW CHASE WILKIE, a/k/a "Andy", personally carried and used a firearm, in violation of Sections 812.13, 775.082, 775.083, and 775.087, Florida Statutes.

**Racketeering Act Six-- Everbank Robbery**

13. On or about October 22, 2009, in Duval County, in the Middle District of Florida,

JONATHAN DAVID HART,

the defendant herein, by force, violence, assault, or putting in fear, did knowingly take and cause to be taken, from the person and presence of bank employees, certain property and money, that is, United States currency in the approximate amount of $17,035.00, belonging to and in the care, custody, control, management, and possession of Everbank, 10400 San Jose Boulevard, Jacksonville, Florida, and in the

course of the taking JONATHAN DAVID HART used a firearm, in violation of Sections 812.13, 775.082, 775.083, 775.087, and 777.011, Florida Statutes.

**Racketeering Act Seven-- Home Invasion Robbery**

14. On or about November 30, 2009, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",
JONATHAN DAVID HART,

the defendants herein, and others known and unknown to the Grand Jury, did knowingly enter a dwelling, that is, the residence of HS and VS, in Jacksonville, Florida, with the intent to permanently or temporarily deprive a person or owner of money or other property, that is, United States currency, jewelry, and other property, and in the course of the taking used force, violence, assault, or putting in fear; and further, ANDREW CHASE WILKIE, a/k/a "Andy", and JONATHAN DAVID HART each personally carried and used a firearm during the course of the taking, and did commit a robbery of the occupant therein, in violation of Sections 812.13, 812.135(1), 812.135(2)(a), 775.082, 775.083, 775.087, and 777.011, Florida Statutes.

**Racketeering Act Eight-- Distribution of Steroids**

15. On or about February 19, 2010, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendant herein, did knowingly, willfully, and intentionally sell or deliver anabolic steroids, a Schedule III controlled substance, in violation of Section 893.13(1)(a)2, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Nine-- Distribution of Steroids**

16. On or about April 2, 2010, in Duval County, in the Middle District of Florida,

BILLY JAMES HARPER,
a/k/a "BJ",

the defendant herein, did knowingly, willfully, and intentionally sell or deliver anabolic steroids, a Schedule III controlled substance, in violation of Section 893.13(1)(a)2, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Ten-- Distribution of Steroids**

17. On or about April 27, 2010, in Duval County, in the Middle District of Florida,

BILLY JAMES HARPER,
a/k/a "BJ",

the defendant herein, did knowingly, willfully, and intentionally sell or deliver anabolic steroids, a Schedule III controlled substance, in violation of Section 893.13(1)(a)2, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Eleven-- Distribution of Cocaine**

18. On or about July 1, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",

the defendant herein, did knowingly, willfully, and intentionally sell or deliver cocaine, a Schedule II controlled substance, in violation of Section 893.13(1)(a)1, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Twelve-- Distribution of Roxicodone**

19. On or about July 1, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",

the defendant herein, did knowingly, willfully, and intentionally sell or deliver roxicodone, a Schedule II controlled substance, in violation of Section 893.13(1)(a)1, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Thirteen-- Distribution of Steroids**

20. On or about July 8, 2010, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendant herein, did knowingly, willfully, and intentionally sell or deliver anabolic steroids, a Schedule III controlled substance, in violation of Section 893.13(1)(a)2, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Fourteen-- Home Invasion Robbery**

21. On or about August 1, 2010, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",
BILLY JAMES HARPER,
a/k/a "BJ",

the defendants herein, and others known and unknown to the Grand Jury, did knowingly enter a dwelling, that is, the residence of LH and RH, in Jacksonville, Florida, with the intent to permanently or temporarily deprive a person or owner of money or other property, that is, credit cards and other property, and in the course of the taking used force, violence, assault, or putting in fear; and further, ANDREW CHASE WILKIE, a/k/a "Andy", carried and used a firearm during the course of the taking, and did commit a robbery of the occupant therein, in violation of Sections 812.13, 812.135(1), 812.135(2)(a), 775.082, 775.083, 775.087, and 777.011, Florida Statutes.

**Racketeering Act Fifteen-- Distribution of Cocaine**

22. On or about August 26, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendants herein, did knowingly, willfully, and intentionally sell or deliver cocaine, a Schedule II controlled substance, in violation of Section 893.13(1)(a)1, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Sixteen-- Distribution of Oxycodone**

23. On or about August 26, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendants herein, did knowingly, willfully, and intentionally sell or deliver oxycodone, a Schedule II controlled substance, in violation of Section 893.13(1)(a)1, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Seventeen-- Distribution of Steroids**

24. On or about September 1, 2010, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",
BILLY JAMES HARPER,
a/k/a "BJ",

the defendants herein, did knowingly, willfully, and intentionally sell or deliver anabolic steroids, a Schedule III controlled substance, in violation of Section 893.13(1)(a)2, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Eighteen-- Distribution of Cocaine**

25. On or about September 22, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",

the defendant herein, did knowingly, willfully, and intentionally sell or deliver cocaine, a Schedule II controlled substance, in violation of Section 893.13(1)(a)1, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Nineteen-- Distribution of Cocaine**

26. On or about October 7, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",

the defendant herein, did knowingly, willfully, and intentionally sell or deliver cocaine, a Schedule II controlled substance, in violation of Section 893.13(1)(a)1, 775.082, and 775.083, Florida Statutes.

**Racketeering Act Twenty-- Conspiracy to Distribute Cocaine and Oxycodone**

The defendants named below committed the following acts, either of which alone constitutes the commission of Racketeering Act Twenty:

a. From in or about an unknown date prior to June 2009, and continuing thereafter up to and including November 18, 2010, in Duval County, in the Middle District of Florida, and elsewhere,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",
BROCK ROGER SKOV,

the defendants herein, and others known and unknown, unlawfully, intentionally and knowingly combined, conspired, confederated and agreed together and with each other to distribute cocaine, a Schedule II controlled substance, in violation of 893.13(1)(a)1, 775.082, 775.083, and 777.04, Florida Statutes.

b. From in or about an unknown date prior to June 2009, and continuing thereafter up to and including November 18, 2010, in Duval County, in the Middle District of Florida, and elsewhere,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",
BROCK ROGER SKOV,

unlawfully, intentionally and knowingly combined, conspired, confederated and agreed together and with each other to distribute oxycodone, a Schedule II controlled substance, in violation of 893.13(1)(a)1, 775.082, 775.083, and 777.04, Florida Statutes.

**Racketeering Act Twenty-One-- Transfer of Stolen Goods**

28. From in or about an unknown date prior to June 2009, and continuing thereafter up to and including November 18, 2010, in Duval County, St Johns County, Volusia County and elsewhere in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
BROCK ROGER SKOV,

the defendants herein, did knowingly, willfully, and intentionally transport, transmit, and transfer goods and merchandise of the value of $5,000 or more knowing the goods and merchandise to be stolen, that is, from in or about an unknown date prior to June 2009, and continuing thereafter up to and including November 18, 2010, MAYNARD KENNETH GODWIN, a/k/a "KG", and BROCK ROGER SKOV, and others known and

unknown to the Grand Jury, agreed to and did 1) receive stolen Digital Video Discs also known as DVDs; 2) open an account on e-Bay (an online auction and shopping website in which people buy and sell merchandise) for the purpose of advertising and distributing the stolen DVDs; 3) open an account with PayPal (an electronic business allowing payments and money transfers to be made through the internet by registered customers) for the purpose of selling, transferring, and receiving payments for stolen DVDs; 4) package or cause to be packaged stolen DVDs for transport in interstate commerce; and 5) cause and encourage DVDs to be stolen for the purpose of unlawful sales and trade, in violation of Title 18, United States Code, Sections 2314 and 2.

All in violation of Title 18, United States Code, Section 1962(c).

## COUNT TWO

On or about May 21, 2009, in Duval County, in the Middle District of Florida, for the purpose of gaining entrance to and maintaining and increasing position in the Guardians, an enterprise engaged in racketeering activity,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",
BILLY JAMES HARPER
a/k/a "BJ", and
ERIC STEVEN ELLIS,

the defendants herein, unlawfully and knowingly assaulted DB with a dangerous weapon, in violation of Florida Statutes §§ 784.045(1)(a)(2) and 777.011, and assaulted DB resulting in serious bodily injury, in violation of Florida Statutes §§ 784.045(1)(a)(1) and 777.011, all in violation of 18 U.S.C. §§ 1959(a)(3) and 2.

## COUNT THREE
**(Wachovia Bank Robbery)**

On or about October 6, 2009, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendant herein, by force, violence, and intimidation, did knowingly take and cause to be taken, and did aid and abet in the taking, from the person and presence of bank employees, certain property and money, that is, United States currency in the approximate amount of $5,394.00, belonging to and in the care, custody, control, management, and possession of Wachovia Bank, 10950 Baymeadows Road, Jacksonville, Florida, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, and in committing said offense, the defendant did assault and cause to be assaulted bank employees.

All in violation of Title 18, United States Code, Sections 2113(a), (d) and 2.

## COUNT FOUR
**(Use of a Firearm During and In Relation to a Bank Robbery)**

On or about October 6, 2009, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendant herein, did knowingly use and carry a firearm, that is, a pistol, during and in relation to a violation of Title 18, United States Code, Sections 2113(a), (d) and 2 as alleged in Count Two above, which allegations the Grand Jury reallege and incorporate

by reference herein, a crime of violence for which the defendant may be prosecuted in a Court of the United States.

In violation of Title 18, United States Code, Section 924(c).

**COUNT FIVE**
**(Everbank Robbery)**

On or about October 22, 2009, in Duval County, in the Middle District of Florida,

JONATHAN DAVID HART,

the defendant herein, by force, violence, and intimidation, did knowingly take and cause to be taken, and did aid and abet in the taking, from the person and presence of bank employees, certain property and money, that is, United States currency in the approximate amount of $17, 035.00, belonging to and in the care, custody, control, management, and possession of Everbank, 10400 San Jose Boulevard, Jacksonville, Florida, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, and in committing said offense, the defendant did assault and cause to be assaulted bank employees.

All in violation of Title 18, United States Code, Sections 2113(a), (d) and 2.

## COUNT SIX
**(Use of a Firearm During and In Relation to a Bank Robbery)**

On or about October 22, 2009, in Duval County, in the Middle District of Florida,

JONATHAN DAVID HART,

the defendant herein, did knowingly use and carry a firearm, that is, a pistol, during and in relation to a violation of Title 18, United States Code, Sections 2113(a), (d) and 2 as alleged in Count Four above, which allegations the Grand Jury reallege and incorporate by reference herein, a crime of violence for which the defendant may be prosecuted in a Court of the United States.

In violation of Title 18, United States Code, Section 924(c).

## COUNT SEVEN
**(Distribution of Steroids)**

On or about February 19, 2010, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendant herein, did knowingly, willfully, and intentionally distribute, cause to be distributed and aid and abet the distribution of steroids, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(E)(i), and Title 18, United States Code, Section 2.

**COUNT EIGHT**
**(Distribution of Steroids)**

On or about April 2, 2010, in Duval County, in the Middle District of Florida,

BILLY JAMES HARPER,
a/k/a "BJ",

the defendant herein, did knowingly, willfully, and intentionally distribute steroids, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(E)(i).

**COUNT NINE**
**(Distribution of Steroids)**

On or about April 27, 2010, in Duval County, in the Middle District of Florida,

BILLY JAMES HARPER,
a/k/a "BJ",

the defendant herein, did knowingly, willfully, and intentionally distribute steroids, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(E)(i).

**COUNT TEN**
**(Distribution of Cocaine)**

On or about July 1, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",

the defendant herein, did knowingly, willfully, and intentionally distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT ELEVEN**
**(Distribution of Roxicodone)**

On or about July 1, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",

the defendant herein, did knowingly, willfully, and intentionally distribute roxicodone, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT TWELVE**
**(Distribution of Steroids)**

On or about July 8, 2010, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendant herein, did knowingly, willfully, and intentionally distribute steroids, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(E)(i).

**COUNT THIRTEEN**
**(Distribution of Cocaine)**

On or about August 26, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendants herein, did knowingly, willfully, and intentionally distribute, cause to be distributed and aid and abet the distribution of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

**COUNT FOURTEEN**
**(Distribution of Oxycodone)**

On or about August 26, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendants herein, did knowingly, willfully, and intentionally distribute, cause to be distributed and aid and abet the distribution of oxycodone, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

**COUNT FIFTEEN**
**(Distribution of Steroids)**

On or about September 1, 2010, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",
BILLY JAMES HARPER,
a/k/a "BJ",

the defendants herein, did knowingly, willfully, and intentionally distribute, cause to be distributed and aid and abet the distribution of steroids, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(E)(i), and Title 18, United States Code, Section 2.

**COUNT SIXTEEN**
**(Distribution of Cocaine)**

On or about September 22, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",

the defendant herein, did knowingly, willfully, and intentionally distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT SEVENTEEN**
**(Distribution of Cocaine)**

On or about October 7, 2010, in Duval County, in the Middle District of Florida,

MAYNARD KENNETH GODWIN,
a/k/a "KG",

the defendant herein, did knowingly, willfully, and intentionally distribute cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

**COUNT EIGHTTEEN**
**(Conspiracy To Distribute Cocaine and Oxycodone)**

From in or about an unknown date prior to June 2009, and continuing thereafter up to and including November 18, 2010, in Duval County, in the Middle District of Florida, and elsewhere,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",
BROCK ROGER SKOV,

the defendants herein, did knowingly, willfully, and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown to the Grand Jury, to distribute cocaine and oxycodone, both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

**COUNT NINETEEN**
**(Conspiracy To Distribute Steroids)**

From in or about an unknown date prior to June 2009, and continuing thereafter up to and including November 18, 2010, in Duval County, in the Middle District of Florida, and elsewhere,

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",
BILLY JAMES HARPER,
a/k/a "BJ",

the defendants herein, did knowingly, willfully, and intentionally combine, conspire, confederate and agree together and with each other, and with others known and unknown to the Grand Jury, to distribute steroids, a Schedule III controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(E)(I).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWENTY**
**(Tampering With A Witness)**

On between or about September 2009, and December 2009, in Duval County, in the Middle District of Florida,

ANDREW CHASE WILKIE,
a/k/a "Andy",

the defendant herein, did knowingly use physical force and the threat of physical force against a person, that is CF, with the intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the commission or

possible commission of a federal offense in that ANDREW CHASE WILKIE, a/k/a "Andy", knowing that CF had knowledge of his involvement in a bank robbery in violation of Title 18, United States Code, Section 2113, and his involvement in a criminal enterprise in violation of Title 18, United States Code, Section 1962, did knowingly and intentionally beat CF with his fists, kick CF, and choke CF into unconsciousness, and did thereby prevent CF from communicating CF's knowledge to law enforcement regarding these federal offenses.

All in violation of Title 18, United States Code, Sections 1512(a)(2)(C) and (a)(3)(B).

**COUNT TWENTY-ONE**
**(Possession Of Altered Firearm)**

On or about November 18, 2010, in Duval County, in the Middle District of Florida,

BROCK ROGER SKOV,

the defendant herein, did knowingly and intentionally possess and receive a firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and which had, at some time, been shipped and transported in interstate or foreign commerce, that is, a Raven Arms MP25 pistol, manufactured in California.

All in violation of Title 18 United States Code, Sections 922(k) and 924(a)(1)(B).

## COUNT TWENTY-TWO
## (Possession Of Altered Firearm)

On or about November 18, 2010, in Duval County, in the Middle District of Florida,

BROCK ROGER SKOV,

the defendant herein, did knowingly and intentionally possess and receive a firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and which had, at some time, been shipped and transported in interstate or foreign commerce, that is, a Ruger P95DC 9mm pistol, manufactured in Connecticut.

All in violation of Title 18 United States Code, Sections 922(k) and 924(a)(1)(B).

## FORFEITURES

1. The allegations contained in Counts One through Twenty-three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant Title 18, United States Code, Sections 1963, 981(a)(1)(C), 924(d)(1); Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

## COUNT ONE

2. Pursuant to Title 18, United States Code, Section 1963, upon conviction of an offense in violation of Title 18, United States Code, Section 1962, the defendants, MAYNARD KENNETH GODWIN, a/k/a "KG", ANDREW CHASE WILKIE, a/k/a "Andy", BILLY JAMES HARPER, a/k/a "BJ", JONATHAN DAVID HART, ERIC STEVEN ELLIS, and BROCK ROGER SKOV, shall forfeit to the United States of America:

a. any interest acquired or maintained in violation of section 1962;

b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

c. any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 1962. The property to be forfeited includes, but is not limited to, the following:

1. Proceeds in the amount of $5,394.00;
2. Proceeds in the amount of $17,035.00;
3. A 2008 Cadillac CTS, VIN 1G6DM577580109655;
4. A Remington shotgun 12 gauge sportsman 58, SN: 155672V, w/ case;
5. A Mossberg 12 gauge 500A, SN: P901149;
6. An imported by Arm Scor Precision Inc, 1600R cal 22LR, SN: A429804 w/ magazine;
7. A Ruger 10/22 carbine 22LR cal, SN: 11154821;
8. A Smith & Wesson model 19-5 .357 magnum, SN: AUY0842;
9. A 9mm Luger model TEC-DC9, SN: D079057 w/ magazine;
10. A Smith & Wesson 9VE pistol, SN: RAZ9635;
11. A Firestorm .380 cal Bersa, SN: 650044 w/ magazine;
12. A Raven Arms MP25 .25 cal w/ magazine w/ serial # filed off;
13. A Browning pistol, model: BDA380, caliber: .380, SN: 425PN03832 w/ magazine;
14. A Luger 9mm model C9 w/ magazine, SN: p1276152;
15. A Bersa Thunder .40, SN: 790792 w/ magazine;
16. A Davis Industries model P-380 .380 cal auto, SN: AP237401 w/ magazine;
17. A Ruger model P95DC 9mm, serial # filed off, w/ 30 round magazine; and
18. A Lorcin model 125 .25 cal auto, SN: 263132 w/ magazine.

## COUNTS TWO, FOUR, AND NINETEEN

3. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 2113, 1512 and/or 2314, the defendants, ANDREW CHASE WILKIE, a/k/a "Andy" and JONATHAN DAVID HART, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

a. Proceeds in the amount of $5,394.00;
b. Proceeds in the amount of $17,035.00;
c. A 2008 Cadillac CTS, VIN 1G6DM577580109655;
d. A Remington shotgun 12 gauge sportsman 58, SN: 155672V, w/ case;
e. A Mossberg 12 gauge 500A, SN: P901149;
f. An imported by Arm Scor Precision Inc, 1600R cal 22LR, SN: A429804 w/ magazine;
g. A Ruger 10/22 carbine 22LR cal, SN: 11154821;
h. A Smith & Wesson model 19-5 .357 magnum, SN: AUY0842;
i. A 9mm Luger model TEC-DC9, SN: D079057 w/ magazine;
j. A Smith & Wesson 9VE pistol, SN: RAZ9635;
k. A Firestorm .380 cal Bersa, SN: 650044 w/ magazine;
l. A Raven Arms MP25 .25 cal w/ magazine w/ serial # filed off;
m. A Browning pistol, model: BDA380, caliber: .380, SN: 425PN03832 w/ magazine;
n. A Luger 9mm model C9 w/ magazine, SN: p1276152;
o. A Bersa Thunder .40, SN: 790792 w/ magazine;
p. A Davis Industries model P-380 .380 cal auto, SN: AP237401 w/ magazine;
q. A Ruger model P95DC 9mm, serial # filed off, w/ 30 round magazine; and
r. A Lorcin model 125 .25 cal auto, SN: 263132 w/ magazine.

## COUNTS THREE, FIVE, TWENTY AND TWENTY-ONE

4. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 924 and 922 set forth in Counts Three, Five, Twenty and/or Twenty-one of this Indictment, the defendants, ANDREW CHASE WILKIE, a/k/a "Andy", JONATHAN DAVID HART, and BROCK ROGER SKOV, shall forfeit to the United States Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to:

a. A Remington shotgun 12 gauge sportsman 58, SN: 155672V, w/ case;
b. A Mossberg 12 gauge 500A, SN: P901149;
c. An imported by Arm Scor Precision Inc, 1600R cal 22LR, SN: A429804 w/ magazine;
d. A Ruger 10/22 carbine 22LR cal, SN: 11154821;
e. A Smith & Wesson model 19-5 .357 magnum, SN: AUY0842;
f. A 9mm Luger model TEC-DC9, SN: D079057 w/ magazine;
g. A Smith & Wesson 9VE pistol, SN: RAZ9635;
h. A Firestorm .380 cal Bersa, SN: 650044 w/ magazine;
i. A Raven Arms MP25 .25 cal w/ magazine w/ serial # filed off;
j. A Browning pistol, model: BDA380, caliber: .380, SN: 425PN03832 w/ magazine;
k. A Luger 9mm model C9 w/ magazine, SN: p1276152;
l. A Bersa Thunder .40, SN: 790792 w/ magazine;
m. A Davis Industries model P-380 .380 cal auto, SN: AP237401 w/ magazine;
n. A Ruger model P95DC 9mm, serial # filed off, w/ 30 round magazine; and
o. A Lorcin model 125 .25 cal auto, SN: 263132 w/ magazine.

## COUNTS SIX THROUGH EIGHTEEN

5. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 and/or 846, the

defendants, MAYNARD KENNETH GODWIN, a/k/a "KG", ANDREW CHASE WILKIE, a/k/a "Andy", BILLY JAMES HARPER, a/k/a "BJ", and BROCK ROGER SKOV, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

a. A 2008 Cadillac CTS, VIN 1G6DM577580109655;
b. A Remington shotgun 12 gauge sportsman 58, SN: 155672V, w/ case;
c. A Mossberg 12 gauge 500A, SN: P901149;
d. An imported by Arm Scor Precision Inc, 1600R cal 22LR, SN: A429804 w/ magazine;
e. A Ruger 10/22 carbine 22LR cal, SN: 11154821;
f. A Smith & Wesson model 19-5 .357 magnum, SN: AUY0842;
g. A 9mm Luger model TEC-DC9, SN: D079057 w/ magazine;
h. A Smith & Wesson 9VE pistol, SN: RAZ9635;
i. A Firestorm .380 cal Bersa, SN: 650044 w/ magazine;
j. A Raven Arms MP25 .25 cal w/ magazine w/ serial # filed off;
k. A Browning pistol, model: BDA380, caliber: .380, SN: 425PN03832 w/ magazine;
l. A Luger 9mm model C9 w/ magazine, SN: p1276152;
m. A Bersa Thunder .40, SN: 790792 w/ magazine;
n. A Davis Industries model P-380 .380 cal auto, SN: AP237401 w/ magazine;
o. A Ruger model P95DC 9mm, serial # filed off, w/ 30 round magazine; and
p. A Lorcin model 125 .25 cal auto, SN: 263132 w/ magazine.

6. If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 1963(m); Title 21, United States Code, Section 853(p); Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

Foreperson

ROBERT E. O'NEILL
United States Attorney

JAY TAYLOR
Assistant United States Attorney

JULIE HACKENBERRY SAVELL
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
APR 1991 No.

**UNITED STATES DISTRICT COURT**

Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

MAYNARD KENNETH GODWIN,
a/k/a "KG",
ANDREW CHASE WILKIE,
a/k/a "Andy",
BILLY JAMES HARPER,
a/k/a "BJ",
JONATHAN DAVID HART,
ERIC STEVEN ELLIS,
BROCK ROGER SKOV

**INDICTMENT**

Violations:

| | |
|---|---|
| Ct. 1: | 18 U.S.C. § 1962(c) |
| Ct. 2: | 18 U.S.C. §§ 1959(a)(3) and 2 |
| Cts. 3, 5: | 18 U.S.C. §§ 2113(a), 2113(d), and 2 |
| Cts. 4, 6: | 18 U.S.C. § 924(c) |
| Cts. 7, 15: | 21 U.S.C. §§ 841(a)(1), 841(E)(l) and 18 U.S.C. § 2 |
| Cts. 8-9, 12, 15: | 21 U.S.C. §§ 841(a)(1), 841(E)(l) |
| Cts. 10,11, 16, 17: | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) |
| Cts. 13, 14: | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 |
| Ct. 18: | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 |
| Ct. 19: | 21 U.S.C. §§ 841(a)(1), 841(E)(l), and 846 |
| Ct. 20: | 18 U.S.C. §§ 1512(a)(2)(C), 1512(a)(3)(B) |
| Cts. 21, 22: | 18 U.S.C. §§ 922(k) and 924(a)(1)(B) |

A true bill

[signature]

Foreperson

Filed in open court this 20th day

of April, 2011.

[signature]

Clerk

Bail $____________